

FILED
2003 NOV -6  A 11: 57
US DISTRICT COURT
HARTFORD CT

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| COUNTRY AMUSEMENTS, INC., <br> PETER PISKURA and MARIE PISKURA <br> **Plaintiffs** | : CIVIL ACTION NO.: 3:03CV893DJS |
| VS. | |
| ANTHONY PISKURA, LISA PISKURA <br> and STR8 ARROW ENTERPRISES, LLC <br>                            **Defendants** | : OCTOBER 30, 2003 |

### AMENDED COMPLAINT

**FIRST COUNT (ON BEHALF OF COUNTRY AMUSEMENTS, INC. AGAINST ANTHONY PISKURA)**

1. On or about October 1, 2001, for a long time prior thereto, and now, the Plaintiff Country Amusements, Inc. was, and is, a Connecticut corporation engaged in the business of operating carnivals for customers and providing rides, games and other services incidental thereto..

2. On or about said date, the Plaintiff and the Defendant Anthony Piskura agreed that after the 2002 carnival season, the Plaintiff would sell the corporation to the Defendant Anthony Piskura if he ran the company to the Plaintiff's satisfaction during the 2002 (April to August) carnival season.

3. As a result of the agreement, the Plaintiff directed the Defendant Anthony Piskura to run and operate the Plaintiff corporation for the 2002 season in Connecticut. As part of the

Defendant Anthony Piskura's responsibilities he was to manage and pay employees, pay bills, make corporation decisions and operate the business in a responsible fashion and fulfill his fiduciary responsibility to the Plaintiff.

    4.    Rather than perform his responsibilities in the best interest of the Plaintiff, the Defendant Anthony Piskura breached his fiduciary responsibility to the Plaintiff in one or more of the following respects:

    a.    IN THAT he failed to pay corporate bills, but, instead converted corporate funds to his own use and the use of his wife;

    b.    IN THAT he failed to satisfy the tax responsibilities of the Plaintiff corporation by paying employee withholding and other taxes;

    c.    IN THAT he mistreated and abused corporate employees;

    d.    IN THAT he used corporate funds to pay personal obligations and obligations of another corporation that he owned and controlled;

    e.    IN THAT he solicited long standing customers of the Plaintiff corporation by telling them he was Country Amusements, Inc. and sometimes by using the Defendant corporation Str8 Arrow Enterprises, LLC which he misrepresented as the successor corporation of Country Amusements, Inc.

    f.    IN THAT he attempted to hire longtime employees of the Plaintiff

corporation to work for him in competing with the Plaintiff corporation;

    g.    IN THAT his management of the Plaintiff corporation was performed contrary to the best interests of the Plaintiff corporation.

    5.    As a result of the breach of fiduciary responsibility on the part of the Defendant Anthony Piskura, the Plaintiff suffered and will suffer substantial financial losses, loss of reputation and loss of business opportunities.

### SECOND COUNT (ON BEHALF OF COUNTRY AMUSEMENTS, INC., AGAINST ANTHONY PISKURA)

    1.-3.    Paragraphs 1-3 of the First Count are hereby incorporated by reference and made Paragraphs 1-3 of the Second Count.

    4.    The Defendant Anthony Piskura breached said agreement:

    a.    IN THAT he failed to pay corporate bills, but, instead converted corporate funds to his use;

    b.    IN THAT he failed to satisfy the tax responsibilities of the Plaintiff corporation by paying employee withholding and other taxes;

    c.    IN THAT he mistreated and abused corporate employees;

    d.    IN THAT he used corporate funds to pay personal obligations and obligations of another corporation that he owned and controlled;

      e.      IN THAT he solicited long standing customers of the Plaintiff corporation by telling them he was Country Amusements, Inc. and sometime by using the Defendant corporation Str8 Arrow Enterprises, LLC which he misrepresented as the successor corporation of Country Amusements, Inc.

5.      As a result of the Defendant Anthony Piskura's breach of agreement, the Plaintiff suffered and will suffer substantial financial losses, loss of reputation and loss of business opportunities.

**THIRD COUNT** (ON BEHALF OF COUNTRY AMUSEMENTS, INC., AGAINST ANTHONY PISKURA)

1.-3.      Paragraphs 1-3 of the First Count are hereby incorporated by reference and made Paragraphs 1-3 of the Third Count.

4.      The Defendant Anthony Piskura permanently converted funds he knew belonged to the Plaintiff to his own use causing it substantial damage.

5.      Said converted funds belonged to the Plaintiff and his actions were not authorized by the Plaintiff.

**FOURTH COUNT** (ON BEHALF OF COUNTRY AMUSEMENTS, INC., AGAINST ANTHONY PISKURA AND STR8 ARROW ENTERPRISES, LLC)

1.-3.      Paragraphs 1-3 of the First Count are hereby incorporated by reference and made Paragraphs 1-3 of the Fourth Count.

4.  Prior to the commencement of this agreement, the Plaintiff had long standing business relationships and opportunities with a number of clients under longstanding agreements for carnival service, a fact which was well known to the Defendant Anthony Piskura and the Defendant corporation. Said Plaintiff fully expected said contracts to be renewed on an annual basis.

5.  At all times mentioned herein, there was a close relationship between the opportunities and the Plaintiff's business purposes and current activities. The Plaintiff was experienced in the area of the business opportunities and had sufficient facilities, equipment and personnel to fulfill them.

6.  The Defendant Anthony Piskura formed the Defendant Str8 Arrow Enterprises, LLC and both he personally and the Defendant corporation solicited and, in some cases, contracted with the Plaintiff's customers, often misrepresenting that he and it was simply a continuation of the Plaintiff's business.

7.  As a result of the Defendant Anthony Piskura and Defendant Str8 Arrow Enterprises, LLC's misrepresentation, usurpation and diversion of the Plaintiff's business opportunities, the Plaintiff suffered loss of business, damages, harm to personal and business reputation.

**FIFTH COUNT (ON BEHALF OF COUNTRY AMUSEMENTS, INC., AGAINST ANTHONY PISKURA AND STR8 ARROW ENTERPRISES, LLC**

1.-6.  Paragraphs 1-6 of the Fourth Count are hereby incorporated by reference and made Paragraphs 1-6 of the Fifth Count.

7.     As a result of the Defendants' intentional tortious interference with the Plaintiff's business opportunities, the Plaintiff sustained damages, namely a loss of business, monetary damages and harm to business reputation.

**SIXTH COUNT (ON BEHALF OF COUNTRY AMUSEMENTS, INC., AGAINST LISA PISKURA)**

1.-3.    Paragraphs 1-3 of the Third Count are hereby incorporated by reference and made Paragraphs 1-3 of the Sixth Count.

4.     The Defendant Lisa Piskura is the wife of the Defendant Anthony Piskura and acted in concert with him in permanently converting funds of the Plaintiff causing it substantial damage.

5.     Said converted funds belong to the Plaintiff and the Defendant Lisa Piskura's actions were not authorized by the Plaintiff.

**SEVENTH COUNT (ON BEHALF OF PETER PISKURA AND MARIE PISKURA AGAINST ANTHONY PISKURA)**

1.     On or about October 1, 2001, for a long time prior thereto, and now, Country Amusements, Inc. was, and is, a Connecticut corporation engaged in the business of operating carnivals for customers and providing rides, games and other services incidental thereto.

2.     On or about said date, the Plaintiffs Peter Piskura and Marie Piskura were the sole officers, stockholders and directors of Country Amusements, Inc., and resided in the State of Connecticut.

3.      The Defendant Anthony Piskura is the son of the Plaintiffs Peter Piskura and Marie Piskura and had intimate knowledge of the business of the Corporation and his parents' status within the Corporation and in the business community.

4.      On or about October 1, 2001, the Plaintiffs Peter Piskura and Marie Piskura and the Defendant Anthony Piskura agreed that after the 2002 carnival season, the Plaintiffs would sell their interest in the Corporation to the Defendant Anthony Piskura if he ran the company to the Plaintiffs' satisfaction during the 2002 (April to August) carnival season.

5.      As a result of the agreement, the Plaintiffs, Peter Piskura and Marie Piskura directed the Defendant Anthony Piskura to run and operate the Corporation for the 2002 season in Connecticut. As part of the Defendant Anthony Piskura's responsibilities, he was to manage and pay employees, pay bills, make Corporation decisions and operate the business in a responsible fashion.

6.      At all times mentioned herein, the Defendant Anthony Piskura knew that the Plaintiffs, who were his parents, would be personally responsible for bills of the Corporation that were not paid including longstanding contractual relationships and taxes.

7.      At all times mentioned herein, the Defendant Anthony Piskura knew that the Plaintiffs Peter Piskura and Marie Piskura had a favorable personal business and credit reputation in the community as a result of the successful operation of their carnival business and their reputation for paying bills promptly.

8.  Rather than perform his responsibilities in the best interest of the Plaintiffs, the Defendant Anthony Piskura breached said agreement:

    a.  IN THAT he failed to pay corporate bills, but instead converted corporate funds to his use;

    b.  IN THAT he failed to satisfy the tax responsibilities of the Plaintiff Corporation by paying employee withholding and other taxes;

    c.  IN THAT he used corporate funds to pay personal obligations and obligations of another corporation that he owned and controlled;

    d.  IN THAT he knowingly exposed his parents to personal liability by failing to pay obligations that he knew they had guaranteed or would be personally responsible for.

9.  As a result of the Defendant Anthony Piskura's breach of agreement, the Plaintiffs suffered and will suffer personal substantial financial losses and loss of personal reputation.

### EIGHTH COUNT (ON BEHALF OF PETER PISKURA AND MARIE PISKURA AGAINST ANTHONY PISKURA)

1.-7.  Paragraphs 1-7 of the Seventh Count are hereby incorporated by reference and made Paragraphs 1-7 of the Eighth Count.

8.  The Defendant Anthony Piskura permanently converted funds he knew belonged to the Corporation to his own use causing the Plaintiffs Peter Piskura and Marie Piskura substantial

damage.

    9.    As a result of the conversion of funds by the Defendant Anthony Piskura, the Plaintiffs suffered and will suffer personal substantial financial losses and loss of personal reputation.

WHEREFORE, the Plaintiffs claim:

1. An accounting by the Defendants with regard to the Plaintiffs' business, funds and assets;

2. Compensatory monetary damages;

3. Punitive damages;

4. Attorney's fees;

5. An order directing the Defendants not to interfere with and/or unsurpine business opportunities and contacts of the Plaintiffs.

Dated at West Haven, Connecticut on this 30th day of October, 2003.

THE PLAINTIFFS

BY:_____
ROBERT C. MIRTO (ct00188)
Mirto, Ketaineck, Barrett & DiCrosta, P.C.
140 Captain Thomas Boulevard
P.O. Box 428
West Haven, CT  06516
Telephone #(203)932-2225

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed postage pre-paid to Michael K. Stanton, Jr., Esq. and Stephen P. Fogarty, Esq., both of Halloran & Sage, LLC, 315 Post Road West, Westport, Connecticut 06880 and Hon. Dominic J. Squatrito, U.S. District Court, 450 Main Street, Hartford, Connecticut 06103 on this 30th day of October, 2003.

_____
ROBERT C. MIRTO